# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ODDS ON RECORDING STUDIOS, INC., a Nevada corporation,<br><br>                 Plaintiff,<br><br>    vs.<br><br>BCD MUSIC GROUP, INC., a Texas corporation; DEEP DISTRIBUTION WORLDWIDE, INC., a Texas corporation; HARALD BLAKESLEEE, an individual; SUSHILA BLAKESLEE aka SUSHILA MITRA, an individual; DOES I through X; and ROE CORPORATIONS I through X, inclusive,<br><br>                 Defendants. | Case No.: 2:10-cv-01754-RLH-GWF<br><br>**O R D E R**<br><br>(Motion to Dismiss–#9) |

      Before the Court is Defendants BCD Music Group, Inc., DEEP Distribution Worldwide, Inc., Harald Blakelee, and Sushila Mitra's **Motion to Dismiss** (#9), filed October 18, 2010.  The Court has also considered Plaintiff Odds On Recording Studios, Inc.'s Opposition (#11), filed November 1, 2010, and Defendants' Reply (#14), filed November 10, 2010.

/

/

/

1

## DISCUSSION

**I.      Motion to Dismiss**

    **A.      Personal Jurisdiction**

        **1.      Standard**

Rule 12(b)(2) of the Federal Rules of Civil Procedure provides that a court may dismiss a complaint for "lack of jurisdiction over the person." "Where a defendant moves to dismiss a complaint for lack of personal jurisdiction, the plaintiff bears the burden of demonstrating that jurisdiction is appropriate." *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004). A court evaluating such a motion may consider evidence presented in affidavits to assist in its determination and may order discovery on the jurisdictional issues. *Data Disc, Inc. v. Systems Tech. Assoc., Inc.*, 557 F.2d 1280, 1285 (9th Cir. 1977). Where a court proceeds on the basis of affidavits and without discovery and an evidentiary hearing, "the plaintiff need only make a prima facie showing of jurisdiction to avoid the defendant's motion to dismiss," that is, demonstrate facts that, if true, would support jurisdiction over the defendant. *Harris Rutsky & Co. Ins. Services, Inc. v. Bell & Clements Ltd.*, 328 F.3d 1122, 1129 (9th Cir. 2003). "Conflicts between parties over statements contained in affidavits must be resolved in the plaintiff's favor." *Fred Martin Motor Co.*, 374 F.3d at 800.

The Ninth Circuit has established a two-step test to determine the propriety of asserting personal jurisdiction over an out-of-state defendant. The plaintiff must first demonstrate that personal jurisdiction is: (1) permitted under the applicable state's long-arm statute; and (2) that the exercise of jurisdiction does not violate federal due process. *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1154 (9th Cir. 2006). Because Nevada's long-arm statute reaches to the full limits of due process, this Court need only decide whether the exercise of personal jurisdiction will comport with the constitutional requirements of due process. *Hoag v. Sweetwater Int'l*, 857 F.Supp. 1420, 1424 (D. Nev. 1994). Additionally, the Court must analyze whether personal

/

1   jurisdiction exists over each defendant separately. *Harris Rutsky*, 328 F.3d at 1130 (9th Cir.
2   2003).
3           Under the U.S. Constitution, an out-of-state defendant must have "minimum
4   contacts" with the forum state so that the exercise of jurisdiction does not offend "traditional
5   notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316
6   (1945).  The minimum contacts analysis requires a court to determine whether the nonresident
7   defendant "has purposefully avail[ed] itself of the privilege of conducting activities within the
8   forum state, thus invoking the benefits and protection of its laws." *Burger King Corp. v.
9   Rudzewicz*, 471 U.S. 462, 475 (1985) (citation omitted).
10      **2.**    **Analysis**
11          Defendants contend that the Court does not have either general or specific
12  jurisdiction over any of the defendants.  Defendants supplied two affidavits, one each from the
13  individual Defendants (Blakeslee and Mitra), who are also the directors and managers of the
14  corporate Defendants, to support their argument that the Court does not have personal jurisdiction
15  over any of the Defendants.  Plaintiff responded, attaching an affidavit from Todd Ashford who
16  claims to be the Plaintiff's Controller.  Plaintiff's arguments for personal jurisdiction are based on
17  this affidavit and the documents attached to it.  Finally, Defendants replied and filed a separate
18  Objection (Dkt. #15) to Ashford's declaration arguing insufficiency of personal knowledge and
19  failure to properly authenticate the attached documentation.
20      **i.**    **Declaration**
21          Ashford's affidavit is insufficient as it does not show personal knowledge and fails
22  to properly authenticate the attached documents.  Ashford testifies that he is the Controller at Odds
23  On.  However, he does not testify that he is the custodian of the documents attached to his affidavit
24  or that they were kept in the regular course of business.  In sum, he fails to authenticate the
25  documents and therefore they are inadmissible as evidence.  Ashford also fails to explain how he
26  has personal knowledge of events that he was not involved with but which he testifies to.  Further,

3

AO 72
(Rev. 8/82)

1  he does not testify that he was the Controller or even employed by Odds On at the time the alleged
2  events took place. Finally, much of Ashford's declaration is made up of hearsay without any
3  explanation as to possible hearsay exceptions. In sum, the Court will not use Ashford's
4  declaration in its analysis as it is not properly admissible evidence. *See Rohde USA, Inc. V. Erich*
5  *Rohde KG Schuhfabriken of Schwalmstadt*, 32 F. App'x. 250, 251 (9th Cir. 2002).

### ii.   Personal Jurisdiction Merits

7  The Court does not have personal jurisdiction—either general or specific—over the
8  Defendants. In attempting to support personal jurisdiction over the Defendants, Plaintiff conflates
9  general and specific jurisdiction, two distinct doctrines. Exercise of general jurisdiction requires
10 the Court to find that the Defendants' contact with the state be substantial or continuos and
11 systematic. *See Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 416–17 (1984).
12 Exercise of specific jurisdiction requires findings that: (1) Defendants purposefully availed
13 themselves of the forum state; (2) Plaintiff's claims arise out of the forum related conduct; and (3)
14 exercise of jurisdiction comports with fair play and substantial justice. *See Schwarzenegger*, 374
15 F.3d at 802. Defendants' alleged purchase of a product from a Nevada corporation is far from
16 sufficient for general jurisdiction, even assuming that Defendants made multiple purchases.
17 Therefore, the Court will constrain itself to analyzing whether it may exercise specific jurisdiction
18 over the Defendants.

19 After examining the admissible evidence and the parties' arguments, the Court
20 concludes that it does not have specific jurisdiction over the Defendants. Plaintiff's only argument
21 that specific personal jurisdiction exists is a block quote and the assertion that applying the quote
22 to the facts (Plaintiff's inadmissible documents) equates to specific jurisdiction. It does not.
23 Further, without admissible factual support, Plaintiff fails to meet its "burden of demonstrating
24 that jurisdiction is appropriate." *Id.* at 800. As Defendants' evidence remains essentially
25 uncontested, the Court grants the motion to dismiss for lack of personal jurisdiction.
26 /

AO 72
(Rev. 8/82)

**B.    Failure to State a Claim**

Since the Court has granted the motion based on a lack of personal jurisdiction, it will not address Defendants' venue argument. However, the Court finds it proper to quickly address the Rule 12(b)(6) argument. Plaintiff contends that the Court should not grant the motion to dismiss for failure to state a claim because the complaint complies with the Nevada Rules of Civil Procedure. This is Plaintiff's only argument. However, Plaintiff is in federal court, not Nevada state court. In federal court, the Federal Rules of Civil Procedure apply, *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125 (9th Cir. 2009), and require the complaint to contain more than mere conclusory statements, *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Plaintiff does not even argue that the complaint complies with the Federal Rules and after reviewing the complaint the Court finds that the Complaint is insufficient. Therefore, the Court would grant the motion to dismiss on these grounds as well.

### CONCLUSION

Accordingly, and for good cause appearing,

IT IS HEREBY ORDERED that Defendants' Motion to Dismiss (#9) is GRANTED. The Clerk of the Court is directed to close this case.

Dated: March 22, 2011.

_____
ROGER L. HUNT
Chief United States District Judge